roadside.  As he turned from the highway into the avenue, he leaned forward and looked, but neither saw nor heard a car until his horse was crossing the first rail.  He stopped his horse before it had crossed the second rail and tried to back off.  The car was running very rapidly on a down grade, and no signal of its approach was given.  The only question raised by the appeal is whether the case should have been withdrawn from the jury on the ground of the plaintiff's contributory negligence.

It is the duty of a driver, before crossing the track of a street railway, to look and to continue to look until the track is reached and to listen, if his view is obstructed.  It may be his duty to stop, as under the facts in Omslaer v. Traction Co., 168 Pa. 519, where an approaching car could not be seen because of obstructions nor heard because of other noises: Haas v. Railway Co., 202 Pa. 145; Smathers v. Railway Co., 226 Pa. 212.  But there is no fixed duty to stop and, unless the necessity for the additional precaution is obvious, the question whether under the circumstances it should have been taken is for the jury.  The plaintiff did not act recklessly.  He looked and listened until the track was reached.  While his view was in a measure obstructed, he could place some reliance upon his sense of hearing, especially in view of the duty of the motorman to give notice of the approach of a car to a public crossing.

The judgment is affirmed.

---

# Bowers v. Bowers, Appellant.

*Will—Decedents' estates—Advancements.*

An item in a will, "If any of my children shall be indebted to me at the time of my decease, I order and direct the amount to form part of my estate and the same with interest at the rate of four per cent. per annum to be charged against such child, or his or her issue and be deducted from the share that would go to him, her or them of my estate upon the final distribution of the same," is a direction that the

indebtedness of the children shall be treated as assets of the estate, and their debts set off against their share upon final distribution, but in no wise attempts to control or direct the manner or process to be used by the executors in collection of said assets.

Argued Feb. 9, 1910. Appeal, No. 16, Jan. T., 1910, by defendant, William T. Bowers, individually and as executor of the estate of Louisa Bowers, from judgment of C. P. Chester Co., Jan. T., 1909, No. 40, on verdict for plaintiffs in case of John L. Bowers, Robert E. Bowers, Executors and Trustees of William Bowers' Estate v. John L. Bowers, William T. Bowers, Robert E. Bowers, Joseph W. Bowers, Mortgagors, and Louisa Bowers, Terre-Tenant. Before FELL,. C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Scire facias sur mortgage. Before HEMPHILL, P. J., who filed the following opinion:

Payment of the balance due upon the above mortgage is resisted upon two grounds:

1. Because of the will of William Bowers, deceased, the mortgagee designates the way in which it is to be paid and must be followed.

2. That under a family settlement or agreement the mortgage was to have been satisfied.

Neither defense is, in our judgment, tenable.

Immediately after the funeral of William Bowers, in December, 1877, when the widow and heirs were all present, the propriety or rather advisability of having his executor satisfy the mortgage with a view of strengthening the credit of the mortgagors, was discussed and assented to, provided it could be legally done, and the matter was left with his son, Jacob, a member of the Philadelphia bar, for determination.

Jacob, it would seem, reached the conclusion that it could not or should not be done for a few weeks. Later when Joseph W. Bowers inquired why it had not been done his brother, John L. Bowers, answered, "That brother Jacob objected to it," consequently the agreement was never consummated and the mortgage remains unsatisfied of record to this date.

The clause of William Bowers' will upon which the first ground of defense is based is as follows:

"Item. If any of my children shall be indebted to me at the time of my decease, I order and direct the amount to form part of my estate and the same with interest at the rate of four per cent. per annum to be charged against such child, or his or her issue and be deducted from the share that would go to him, her or them of my estate, upon the final distribution of the same."

Thus the testator directs that the indebtedness of his children shall be treated as assets of his estate, and their debts set off against their share upon final distribution, but in no wise attempts to control or direct the manner or process to be used by his executors in collection of said assets.

We think, therefore, that the binding instructions given in this case were correct and the rule must be dismissed, and counsel will prepare a proper decree or order for the entry of judgment for the balance due upon the mortgage.

William T. Bowers, as mortgagor and as executor of Louisa Bowers, deceased, terre-tenant, appealed.

*Errors assigned* were in directing verdict for plaintiffs and discharging defendants' rule for judgment non obstante veredicto.

*George J. Edwards, Jr.,* with him *I. Hazelton Mirkil* and *C. Wesley Talbot,* for appellants.

*Walter S. Talbot,* with him *Joseph H. Baldwin,* for appellees.

PER CURIAM, March 7, 1910:

The judgment is affirmed on the opinion of Judge HEMPHILL.